UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES C. VAUGHAN,

    Plaintiff,

v.                                                       Case No: 8:19-cv-918-T-27TGW

EMERALD COAST RV CENTER, LLC,
KEYSTONE RV COMPANY and LDRV
HOLDING GROUP,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Stay Case Pending the Court's Decision on the Motion to Remand to State Court (Dkt. 13), which Defendant opposes (Dkts. 14, 15). Upon consideration, the motion is **DENIED**.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The party moving for a stay bears the burden of demonstrating that it is appropriate [, and if] a stay would create hardship for a party, then the movant must demonstrate that it would suffer hardship or inequity from going forward." *Harris Corp. v. Rembrandt Technologies, LP*, No. 6:07-cv-796-Orl-31DAB, 2007 WL 2757372, at *1 (M.D. Fla. Sept. 20, 2007) (citing *Landis*, 299 U.S. at 254-256.) Among the factors courts examine in determining whether to stay an action include "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Alps S., LLC v. The Ohio Willow Wood Co.*, No. 8:09-

cv-00386-T-EAK-MAP, 2010 WL 2465176, at *1 (M.D. Fla. June 16, 2010).

Plaintiff has failed to carry his burden to demonstrate a stay is appropriate at this time. Despite stating so in its Motion to Stay, it is apparent from a review of the docket that Plaintiff has not filed a Motion for Remand in accordance with the Local Rules.[1] Accordingly, Plaintiff's Motion is **DENIED**.

**DONE AND ORDERED** this 21ST day of June, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] Plaintiff's Motion to Remand (Dkt. 13-1) is attached as an exhibit to Plaintiff's Motion to Stay (Dkt. 13). Notwithstanding this filing error, Plaintiff's contentions seeking remand are without merit. An action initially commenced in state court may be removed if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts are vested with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For an action to 'arise under' federal law, a federal question must appear on the face of the well-pleaded complaint. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).

It is apparent from the face of the Complaint (Dkt. 1-1) that Plaintiff purports to plead a violation of the Federal Magnuson-Moss Warranty Act. And although the Act is a federal statute, an amount in controversy requirement exists. *See* 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable in a suit brought [in an appropriate district court of the United States] ... if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit."). Plaintiff does not dispute this requirement. However, to determine whether the jurisdictional requirements of removal are met, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citation omitted).

Defendants' factual summary in their Notice of Removal (Dkt. 1 at ¶¶ 10, 12-17)) sufficiently identifies the jurisdictional requirements for removal. Moreover, Plaintiff's Complaint (Dkt. 1-1) states that [a]ll claims alleged in this action related back to the claims and allegations of Plaintiff's initial lawsuit." (Citing Vaughn v. Emerald Coast RV Center LLC, et. al., Case No.: 8:17-cv-639-MSS-AEP, Middle District of Florida). And as part of those allegations, Plaintiff alleged "This Court has jurisdiction pursuant to . . . the Federal Magnuson Moss Warranty Act." *See* Case No.: 8:17-cv-639, Dkt. 75 (Fourth Amended Complaint).

Further, there is supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The state law claims arise under the same operative facts as the federal claim, and are properly before this Court. The entire action was therefore properly removed by Defendants. *See* 28 U.S.C. § 1441(a); *Christianson*, 486 U.S. at 808-09.